19396

**LAWYERS TITLE INSURANCE CORPORATION, Respondent, v. ELMWOOD PROPERTIES et al., Appellants**

(187 S. E. (2d) 799)

222

*Messrs. Henry H. Edens* and *Charles F. Cooper*, of Columbia, *for Appellants,*

*Messrs. Cooper, Gary, Nexsen & Pruet,* of Columbia, *for Respondent,*

*Messrs. Henry H. Edens, and Charles F. Cooper,* of Columbia, *for Appellants, in Reply.*

March 28, 1972.

Lewis, Justice :

The issues to be decided arise out of an agreement between the parties with respect to conflicting mortgage liens over certain real property in Richland County.

The appellant, Elmwood Properties, was the owner and holder of a note secured by a duly recorded mortgage of certain real estate, dated July 13, 1955, from William M. Swindler, Sr., and James T. Swindler to Mutual Savings and Loan Company. The mortgage was in default and Elmwood commenced an action to foreclose the mortgage in April 1965.

It appears that G. A. C. Commercial Corporation took a note from Farrow Hills Development Co., Inc., dated April 27, 1965, in the principal amount of $175,000.00, secured by a mortgage of a portion of the same real property described in the above mentioned Elmwood mortgage. Thereafter, on May 12, 1965, respondent, Lawyers Title Insurance Corporation, issued to G. A. C. its title insurance policy insuring priority of the G. A. C. mortgage.

Subsequently, G. A. C. commenced foreclosure of its mortgage and during that proceeding learned of the pending foreclosure by Elmwood and of the possibility that Elmwood might have a prior lien on the property covered by G. A. C. mortgage. This development brought about an agreement on June 20, 1966, between respondent, Lawyers Title Insurance Corporation (insurer of lien of the G. A. C. mortgage) and appellant Elmwood, with the individual appellants as

guarantors, in which respondent agreed, subject to several conditions, to purchase the Elmwood indebtedness and mortgage.

This litigation arises out of the alleged breach by Elmwood of the June 20, 1966 agreement between the parties. It is necessary therefore that the material terms of that agreement be set forth. The obligations assumed by Elmwood under the agreement were as follows:

(1) Elmwood warranted that its mortgage constituted a "valid, enforceable, first lien" on certain property described in the agreement, which was the same property described in the complaint in Elmwood's foreclosure action. As previously pointed out, the G. A. C. mortgage covered a portion of the above property.

(2) Elmwood would diligently prosecute its foreclosure action and would use its best efforts to bring it to a *successful conclusion* as promptly as possible, "in all events no later than one year following the date of this agreement." The term *successful conclusion* was specifically defined as "a final judgment confirming the essential allegations of Elmwood's complaint (in its foreclosure action), granting the prayer therein for foreclosure of its said mortgage as a first lien and ordering the sale of the mortgaged property in satisfaction of the debt."

(3) Elmwood agreed to subordinate the lien of its mortgage to the lien of the G. A. C. mortgage and, subsequently, on August 3, 1966, an instrument was executed subordinating the lien of Elmwood's mortgage as agreed. The agreement also provided that, except in the foregoing respect, "Elmwood will not subordinate, satisfy, assign, pledge or hypothecate its mortgage or in any manner permit or cause the lien thereof to be affected."

(4) That upon the *successful conclusion*, as defined, of Elmwood's foreclosure action within one year from the date of the agreement, Elmwood would assign and transfer all of

its right, title and interest in the indebtedness secured by its mortgage and the judgment of foreclosure.

On the part of Lawyers Title, it was agreed that, upon the performance of the foregoing obligations by Elmwood, Lawyers Title would purchase the Elmwood mortgage, the indebtedness secured thereby and the judgment of foreclosure and pay therefor the amount of the then outstanding indebtedness, plus interest, and the sum of $1250 which it was agreed would represent the cost and attorney's fees incurred and to be incurred by Elmwood in the prosecution of the foreclosure action. Of the purchase price, Lawyers Title, paid, upon execution of the agreement, the sum of $24,-131.00 and agreed to pay the balance upon the completion of the foreclosure action and transfer of the mortgage and foreclosure judgment by Elmwood within one year. It was agreed that the amount due under the Elmwood mortgage at that time was $48,262.00.

Elmwood further agreed to repay the foregoing down payment plus interest, if it did not perform its part of the agreement within the one year period. Collateral security was posted by the individual appellants to secure the repayment by Elmwood of the down payment, if Elmwood failed to perform its part of the agreement.

The record shows that Elmwood obtained an order of foreclosure dated May 23, 1967, providing for the sale of a portion of the property included in its mortgage. The portions of the property excluded from the sale were held by the court not to be subject to the Elmwood mortgage. Whether or not this judgment constituted a *successful conclusion* of the foreclosure proceeding by Elmwood is the basic issue to be decided in this appeal.

Subsequently, respondent, Lawyers Title, brought this action against Elmwood and the individual appellants, alleging that the appellants had breached the terms of the foregoing agreement in that the Elmwood mortgage was not a valid and enforceable first lien upon the property described

therein, as warranted by Elmwood; Elmwood had consented to the release of various parcels of the property covered by the agreement; and Elmwood failed to prosecute the foreclosure action to a successful conclusion within one year. Respondent sought a determination that (1) the agreement was a valid and enforceable contract; (2) that the release of the lien of the Elmwood mortgage in favor of the lien of the G. A. C. mortgage was valid and binding; damages for the breach of the agreement by Elmwood; and an injunction restraining further proceedings in the Elmwood foreclosure action.

The answer of appellants admitted the execution of the agreement of June 20, 1966; alleged that respondent had breached the terms thereof and not the appellants; and asked that the complaint be dismissed.

The issues were thereafter referred to the Master for Richland County who subsequently filed his report in which he held that (1) the agreement of June 20, 1966 and the release of the lien of the Elmwood mortgage in favor of the lien of the G. A. C. mortgage were valid and binding between the parties; appellants had breached the terms of the agreement of June 20, 1966; respondent had established damages in excess of $100,000.00, but that, under its foregoing agreement, the damages recoverable were stipulated as being $24,131.00 plus interest; respondent was entitled to recover ten percent of the above amount as attorney's fees; and a permanent injunction should be issued against the sale of the property involved except certain designated portions thereof.

The report of the Master was subsequently affirmed and made the judgment of the court, from which appellants have prosecuted this appeal.

Appellants state the sole question to be decided as follows: Was the order for judgment of foreclosure and sale, dated May 23, 1967, a "successful conclusion" of Elmwood's foreclosure action as defined in the agreement of June 20, 1966?

The validity and binding effect of the agreement of June 20, 1966 is conceded. It therefore follows that, if the order for judgment of foreclosure and sale, dated May 23, 1967, was not a "successful conclusion" of Elmwood's foreclosure action, the judgment of the lower court in this action must be affirmed.

The agreement in question constituted a warranty by appellants that the Elmwood mortgage constituted a valid, enforceable, first lien on the property described in the complaint for foreclosure; and that the pending foreclosure action would be prosecuted to a final judgment foreclosing the Elmwood mortgage as a first lien on the described property.

Elmwood, pursuant to the agreement with respondent, subordinated the lien of its mortgage to that of G. A. C., respondent's insured. Since the mortgage of G. A. C. covered only a portion of the property described in the Elmwood mortgage, this left substantial property still covered by the lien of the mortgage of Elmwood. After the release executed by Elmwood to G. A. C., the effect of the agreement in question was to warrant that Elmwood's mortgage constituted a first lien over the remaining described property. In the Elmwood foreclosure proceedings, it was determined that its mortgage was not a first lien on any of the remaining property, except two lots. The concurrent findings of the Master and the circuit judge are unchallenged that the remaining properties against which Elmwood's mortgage was not a valid, enforceable, first lien, as warranted to respondent, had a value in excess of $100,000.00.

The failure to establish the Elmwood mortgage as a first lien against the above stated portion of the property involved clearly constituted a breach of the warranty given by appellants to respondent; and, because of such fact, the lower court properly held that the judgment for foreclosure and sale, dated May 23, 1967, was not a "successful conclusion" of Elmwood's foreclosure action as defined in the agreement of June 20, 1966.

Neither the respondent nor its insured, G. A. C., were parties to the Elmwood foreclosure, nor did they participate in it in any way, but relied upon the agreement of June 20, 1966 and the recorded instrument under which Elmwood released the lien of its mortgage. Although Elmwood had so subordinated the lien of its mortgage, the judgment of foreclosure and sale, procured by it, directed that the property covered by the G. A. C. mortgage and two additional lots be sold in satisfaction of the Elmwood mortgage indebtedness. Appellants contend that this constituted a "successful conclusion" of the foreclosure action, within the meaning of the June 20, 1966 agreement, because the security ordered to be sold was more than sufficient to satisfy the Elmwood mortgage. They argue that, since the security ordered to be sold was sufficient to pay Elmwood, it was immaterial that Elmwood's mortgage was not established as a first lien against all of the property involved.

The foregoing argument completely ignores the fact that Elmwood had executed a release of the lien of its mortgage as it affected the property covered by the mortgage of G. A. C. The validity of that release is not challenged by any question preserved in this appeal. Having released the priority of its lien over the property included in the G. A. C. mortgage, appellants have no standing in law or equity to now contend that they can fulfill their obligations under the agreement by, in effect, repudiating that release and subjecting the released property to the satisfaction of their debt.

Since the parties were unable to agree, the record on appeal was settled by order of the trial judge. Both parties have appealed from that order. We think that the record as settled by the trial judge was adequate and the exceptions of both parties thereto are overruled.

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.